## WILLCOX & GIBBS SEWING MACH. CO. v. UNION SPECIAL MACH. CO.

District Court, N. D. New York. March 29, 1928.

**1. Patents ⊕=>295—Validity of patent must be shown to authorize preliminary injunction in infringement suit.**

In patent infringement suit, preliminary injunction will not be granted, unless moving affidavits show that patent has been adjudicated, or that there has been public acquiescence creating strong presumption of validity, or evidence in affidavits must be so clear and convincing that there can be no doubt as to validity of patent.

**2. Patents ⊕=>300—Plaintiff, to obtain preliminary injunction, must show it will suffer great injury from infringement and that injury to other party will be slight.**

In order to obtain preliminary injunction in patent infringement suit, plaintiff should show that it will suffer great injury from infringement and that injury to party complained of will be slight.

**3. Patents ⊕=>303—In patent infringement suit, validity and infringement should be determined at hearing for that purpose rather than on motion for preliminary injunction.**

In patent infringement suit, questions of validity and infringement should be determined

at hearing for that purpose, and are not before court on motion for preliminary injunction, except incidentally.

4. Patents ⊚⟹301(1)—Plaintiff, under facts, held not entitled to preliminary injunction in suit for infringement of sewing machine patent.

In suit for infringement of sewing machine patent, plaintiff *held* not entitled to preliminary injunction, where its patent had never been adjudicated and had only two years to run, injunction would cause defendant great damage, and defendant was financially responsible and able to answer in money damage, if patent was adjudged valid and infringed.

In Equity. Patent infringement suit by the Willcox & Gibbs Sewing Machine Company against the Union Special Machine Company. On motion for preliminary injunction. Motion denied.

John P. Judge, of Troy, N. Y. (Philip Mauro and Reeve Lewis, both of Washington, D. C., of counsel), for plaintiff.

Fred P. Fish, of Boston, Mass., Henry N. Paul, of Philadelphia, Pa., and C. L. Sturtevant and Eugene G. Mason, both of Washington, D. C., and H. W. Main, of Malone, N. Y., for defendant.

BRYANT, District Judge. This is a motion for a preliminary injunction, the object of which is to restrain defendant from manufacturing and selling its sewing machine, classified as its "Thirty Five Seven" model, which plaintiff claims infringes the patent of October 15, 1912, issued to the Willcox & Gibbs Sewing Machine Company, and which embodies principles patented by Borton in 1893.

[1, 2] A preliminary injunction will not be granted, unless the moving affidavits show that the patent on which the motion is made has been either adjudicated or there has been public acquiescence of such a nature as to create a strong presumption of validity, or the evidence in the affidavits is so clear and convincing that there can be no doubt as to the validity of the patent. In addition to the above requisites, the plaintiff should show that it will suffer great injury from the infringement and that the injury to the party complained of will be slight. Blount v. Société Anonyme du Filtre, etc. (C. C. A.) 53 F. 98.

The Borton patent was issued May 30, 1893, and assigned to the Willcox & Gibbs Sewing Machine Company. This patent expired May 30, 1910. From 1910 to date, both companies have designed, manufactured, and sold large numbers of industrial sewing machines, consisting of several models of the "feed-off-the-arm" type. On October 15, 1912, letters patent were issued to the Willcox & Gibbs Sewing Machine Company, on one of its models embodying the claims that were the basis of the Borton patent. In January, 1915, plaintiff brought suit against defendant, claiming that defendant infringed the patent of October 15, 1912, by its so-called "tandem interlock sewing machine." This suit was discontinued in the year 1917, in accordance with the terms of a license agreement. The agreement expressly provided that it would not prejudice either party in any suit for infringement after its termination. It was a four-year agreement and expired in 1921. No further action was taken by either party until the fall of 1927, when this action was commenced, and motion for a preliminary injunction made.

[3, 4] Plaintiff contends it has a valid patent, which defendant has infringed. Defendant disputes this claim of validity and denies the infringement. Both parties submit voluminous affidavits to sustain their respective claims and positions. The questions of validity and infringement are not before the court in this motion, except incidentally. The proper place to determine these questions will be at a hearing held for that purpose, at which expert testimony may be given and the respective claims tested and settled. Permutit Co. v. Paige & Jones Chemical Co. (C. C. A.) 22 F.(2d) 916. Plaintiff's patent has never been adjudicated and has only two years more to run. If the defendant is now compelled to cease the manufacture and sale of its "feed-off-the-arm" type machine, it will suffer great damage; it having sold several hundreds of the type during the past 15 years. The Union Special Machine Company is financially responsible, and it appears that it will be able to answer to the complainant for money damage, when and if the patent of the complainant is adjudged valid and infringed.

The motion is denied.